UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05 CV 399 DDN |
| ) | |
| AMEREN CORPORATION, ) | |
| AMEREN SERVICES COMPANY, and ) | |
| UNION ELECTRIC COMPANY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This matter comes before the court on the motion of defendants Ameren Corp. and Ameren Services Co. to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (Doc. 5), the motion of plaintiff Russell Bowman for leave to file a second amended complaint (Doc. 23), and the motion of defendant Union Electric Co. to dismiss (Doc. 21). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Hearings were held on June 8, 2005, and July 13, 2005.

## **Background and Uncontroverted, Material Facts**

On March 10, 2005, plaintiff filed his original one count complaint against defendants Ameren Corporation and Ameren Services Company (the Ameren defendants) (Doc. 1.) The complaint alleges that these defendants were plaintiff's employers within the meaning of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611. (Doc. 15 at ¶¶ 2-4.) Plaintiff further alleges that he was discharged on March 18, 2003, for exceeding the number of hours allotted for employee absences. (Id. at ¶¶ 5, 7.) Plaintiff argues that his discharge was in violation of the FMLA, because these defendants accounted for his absences by including approved FMLA leave; plaintiff did not allege that the defendants acted wilfully under the FMLA. (Id. at ¶¶ 8-9.) He prayed for damages, including back pay, liquidated damages, reinstatement or front pay, compensatory damages, attorney's fees, costs, and other relief at the

court's discretion. (Id. at 3.)

On May 6, 2005, the Ameren defendants filed their motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that they were not plaintiff's employer and they did not terminate his employment. Defendants referred to materials outside the complaint.

On May 16, 2005, with leave of court, plaintiff filed his first amended complaint. In it he added Union Electric Company as a party defendant. (Doc. 15.) He alleged that all three defendants were his employer, but that, if the Ameren defendants were not his employer, the Ameren defendants were liable under the FMLA for acting in the interest of plaintiff's employer. (Id.) The second amended complaint did not allege that any of the defendants acted wilfully under the FMLA. (Id.)

**Converting Motion to Dismiss to Motion for Summary Judgment**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted calls into question the sufficiency of the complaint. Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). If in support of the motion, the moving party asserts matters outside the pleadings, the court must treat the motion to dismiss as one for summary judgment as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b)(6); see Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999); Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

In the instant motion, defendants rely on matters outside the complaint, namely a supporting affidavit. Moreover, defendants acknowledge that by proffering the affidavit, their Rule 12(b)(6) motion will be treated as one for summary judgment under Rule 56. See Doc. 6 at n.1. Accordingly, the court will treat the motion to dismiss as one for summary judgment.

**Summary Judgment Standard**

Summary judgment must be granted if the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Union

Elec. Co. v. Southwestern Bell Tel. L.P., 378 F.3d 781, 785 (8th Cir. 2004) ("Th[e] Court determines whether the evidence, when viewed in the light most favorable to the non-moving party, and according it the benefit of all reasonable inferences, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."). "A fact is 'material' if it might affect the outcome of the case and a factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Scottsdale Ins. Co. v. Tri-State Ins. Co. of Minn., 302 F. Supp. 2d 1100, 1103 (D.N.D. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the non-moving party may not rest upon the allegations in its pleadings, but must instead set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003). The non-moving party also "must . . . provide evidence of 'specific facts creating a triable controversy.'" Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir.), cert. denied, 2004 WL 2153070 (U.S. Nov. 1, 2004) (quoting Jaurequi v. Carter Mfg. Co. Inc., 173 F.3d 1076, 1085 (8th Cir. 1999)).

## Discussion

In their motion to dismiss, the Ameren defendants assert essentially that they were not plaintiff's employers during the relevant time period, nor was plaintiff discharged at their direction. (Doc. 6 at 1-2.) Additionally, defendants note an alleged inconsistency between plaintiff's first amended complaint (where he alleges that defendants discharged him from employment for exceeding the permissible number of absences) (Doc. 15 at ¶¶ 5, 7) and plaintiff's response to defendants' uncontroverted facts (where he admitted not working for Ameren Corp. or Ameren Services and that neither of these defendants discharged him from employment) (Docs. 7 at 1; 19 at 1). (Doc. 6.)

In support of their argument, defendants proffer the affidavit of John Fey, Manager of Human Resources Operations, Ameren Services Co.

(Doc. 7, Attach. 1 at ¶ 1.)  Mr. Fey states that Ameren Services Co. is owned by Ameren Corp., and that Ameren Corp. has no employees. (Id. at ¶ 3.)  He further asserts that plaintiff was never employed by, or worked for, either Ameren Services or Ameren Corp. during 2002 or 2003 and, correspondingly, was not discharged by the same. (Id. at ¶¶ 4-6.)

In response, plaintiff argues that, under the FMLA, "employer" encompasses both the traditional definition and further includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." (Doc. 19 at 2.) Plaintiff contends that both Ameren Services and Ameren Corp. acted in the interests of Union Electric with respect to his claim for FMLA leave and calculated his work hours under a "Sick Leave Control Agreement." (Id.) Accordingly, plaintiff argues that Ameren Services and Ameren Corp. are liable for his FMLA claim.

In support of his argument, plaintiff proffers his own affidavit and various exhibits. (Id., Attach. 1-2.)  These exhibits show plaintiff's 2002 and 2003 W-2 Tax Statements list Ameren Corp., as agent for Union Electric Co., as his employer. (Id., Attach., Exs. 1-2.) Plaintiff proffers a pay stub from 2003 showing that Ameren U.E. issued his pay check. (Id., Attach., Ex. 3.) Plaintiff further proffers three letters he received from the CORE, Inc. FMLA Administrator related to his request for FMLA benefits, all of which had Ameren Corp. listed on the documents. (Id., Attach, Exs. 4-6.)  Plaintiff also presents letters he received regarding his employment and subsequent termination. (Id., Attach. 7-8.)  These letters were signed by Jay Quattlebaum, Industrial Relations Representative, and plaintiff contends that Mr. Quattlebaum holds his position with Ameren Services, an Ameren Corp. subsidiary. (Id.) Lastly, plaintiff proffers a portion of a collective bargaining agreement he was purportedly subject to. (Id., Attach., Ex. 9.)  This agreement was entered into by the International Brotherhood of Electrical Workers Union and Ameren Services Corp. as agent for Union Electric Co. (Id.)

Defendants reply that the first amended complaint makes no allegations that either Ameren Services Co. or Ameren Corp. were acting in the interest of Union Electric Co., plaintiff's actual employer.

(Doc. 20 at 2.)  Accordingly, defendants contend that the complaint, on its face, fails to state a claim for which relief can be granted.  (<u>Id.</u> at 2-3.)

Defendants argue that the first amended complaint is not sufficient to state a claim for FMLA violations.  This argument would be well-taken if the court was applying a pure motion to dismiss standard in resolving the underlying motion.  However, as defendants clearly concede, their reference to John Fey's affidavit (Doc. 7, Attach. 1) seeks to establish matters outside the pleadings requiring the court to review the instant motion under a summary judgment standard.  The fact that plaintiff's first amended complaint fails to present all facts necessary to ascribe liability to defendants is not of itself dispositive, and the court must consider all facts and circumstances in determining whether there exists a genuine issue of material fact.

> The FMLA provides that
>
> [A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>
> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612.

> As used for purposes of the FMLA, the term "employer"
>
> (I) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes--
>
>> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer[.]

29 U.S.C. § 2611(4)(A). "Person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C.A. § 203(a); see 29 U.S.C. § 2611(8).

The language and intent of the FMLA clearly includes persons and entities other than plaintiff's actual employer. See Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002) ("[29 U.S.C. § 2611] plainly includes persons other than the employer itself."). Jurisprudence reflects this interpretation based on the plain language of the statute and reference to similar statutes, such as the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. Courts often refer to the FLSA for guidance and interpretation of the FMLA, as the FMLA's definition of "employer" closely mirrors that of the FLSA.[1] See 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."); see also Darby, 287 F.3d at 680-81; Eckert v. Schroeder, Joseph & Assoc's, 364 F. Supp. 2d 326, 328 n.1 (W.D.N.Y. 2005); Longstreth v. Copple, 101 F. Supp. 2d 776, 778-79 (N.D. Iowa 2000) (citing supporting case law); Busser v. S. Food Serv., Inc., 73 F. Supp. 2d 556, 561 (M.D.N.C. 1999).

The core issue in this matter is whether Ameren Corp. and Ameren Services Co. can be liable under the FMLA for providing information leading to plaintiff's termination if neither defendant actually terminated him. The liability of a person or entity working on behalf of a claimant's employer has been discussed in the context of both individual and joint employer liability.

Courts generally ascribe liability to individuals or entities working directly or indirectly on behalf of a claimant's employer. See Mitchell v. Chapman, 343 F.3d 811, 827 (6th Cir. 2003); Darby, 287 F.3d at 681; Wascura v. Carver, 169 F.3d 683, 686 (11th Cir. 1999); Longstreth, 101 F. Supp. 2d at 780; Mercer v. Borden, 11 F. Supp. 2d

---

[1]Notably, the FMLA regulations make specific reference and analogy to the similar language of the FMLA and FLSA in defining "employer." See 29 CFR § 825.104(d).

1190, 1190 (C.D. Cal. 1998); Rupnow v. TRC, Inc., 999 F. Supp. 1047, 1048 (N.D. Ohio 1998); 170 A.L.R. Fed. 561 (2004) (case cited therein). Looking to the FLSA, "[t]he language of [29 U.S.C.] § 2611(4)(A)(ii)(I) has been interpreted by . . . [c]ourts to allow for liability under the FMLA against entities or individuals that 'possessed the power to control the worker in question.'" Eckert, 364 F. Supp. 2d at 327-28 (quoting Herman v. RSR Sec. Servs., Ltd., 172 F.3d 132, 139 (2d Cir. 1999)).

The reach of such liability, however, is not limitless. Referencing the more-developed FLSA as a guide, one court noted:

> [B]ecause the phrase "acting directly or indirectly in the interest of an employer in relation to an employee" taken literally would support liability against any agent or employee with supervisory power over employees, see Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983), the "economic reality" of the relationship between the alleged employer and employee has guided courts' interpretation.

Johnson v. A.P. Prods, Ltd., 934 F. Supp. 625, 628-29 (S.D.N.Y. 1996).

In determining whether an individual is, as an "economic reality," an employer for the purposes of the FMLA, courts often employ a four factor test, determining whether the alleged "employer" (1) had the power to hire and fire the plaintiff; (2) supervised or controlled plaintiff's employment conditions; (3) determined the rate and method of pay; and (4) maintained employment records. See Johnson, 934 F. Supp. at 629; Knussman v. Maryland, 935 F. Supp. 659, 664 (D. Md. 1996); cf. Freemon v. Foley, 911 F. Supp. 326, 331-32 (N.D. Ill. 1995).

Moreover, courts routinely apply the same four factors associated with individual FMLA liability in determining whether multiple entities can be considered joint employers. See Dinkins v. Varsity Contractors, Inc., 2005 WL 599979 at **6-7 (N.D. Ill. March 10, 2005); Astudillo v. U.S. News and World Report, 2005 WL 23185 at **1-2 (S.D.N.Y. Jan. 6, 2005) (slip op); Schubert v. Bethesda Health Group, Inc., 319 F. Supp. 2d 963, 970-72 (E.D. Mo. 2004); cf. Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998) (discussing the four factors in light of the FLSA); Bonnette v. Calif. Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983) (same).

While providing little guidance in defining a joint employment

relationship, FMLA regulations speak directly to the subject of joint employment:

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2) *Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee*; or,
>
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.
>
> (b) A determination of whether or not a joint employment relationship exists is not determined by the application of any single criterion, but rather the entire relationship is to be viewed in its totality . . . .

29 C.F.R.§ 825.106 (emphasis added).

In the case at bar, plaintiff proffers evidence suggesting that Ameren Corp. and Ameren Services Co. worked on behalf of Union Electric Co. with respect to plaintiff's employment and medical leave. Plaintiff's I.R.S. W-2 forms show that Ameren Corp., as agent for Union Electric Co., was listed as "employer," and AmerenUE was referenced on plaintiff's wage stub. (Doc. 19, Exs. 1-3.) Moreover, plaintiff produces correspondence appearing to be from Ameren Corp., which discusses plaintiff's eligibility for FMLA leave. (Id., Exs. 4-6.) Additional correspondence, drafted on Ameren Services Co.'s letterhead and signed by the Industrial Relations Representative for Ameren Services Co., discusses plaintiff's employment absences, his

termination, and subsequent Union grievance. (Id., Exs. 7-8.)[2]

Viewing all facts and circumstances in the light most favorable to plaintiff as the non-moving party, there is a genuine issue of material fact as to whether Ameren Services Co. and/or Ameren Corp. contributed, in whole or in part, to the characterization and calculation of plaintiff's leave, which allegedly led to his termination. See Freemon, 911 F. Supp. at 332 ("[B]ecause of the expansive interpretation given to the term 'employer' in the FLSA, we believe the FMLA extends to all those who controlled 'in whole or in part' plaintiff's ability to take a leave of absence and return to her position. Accordingly, because [defendants] were capable of impeding or denying plaintiff's ability to exercise her statutorily protected right to leave under the FMLA, we deny their motion for summary judgment.").

The fact that Ameren Corp. is listed on plaintiff's paycheck and W-2 forms supports a factual issue regarding its ability to determine rate and method of pay. Additionally, there is a factual dispute regarding Ameren Corp.'s and Ameren Services Co.'s ability to hire and fire plaintiff, control employment conditions, and maintain employment records. Correspondence, all referencing either Ameren Corp. or Ameren Services Co., shows that either or both these entities had the ability to evaluate and deny FMLA leave, as well as review the termination decision. This is suggested from the fact that an Ameren Services Co. employee (Jay Quattlebaum) reviewed the Union's grievance with regard to plaintiff's termination and FMLA calculation, referenced the decision to terminate as "the Company's," repeatedly referred to the review of plaintiff's employment records, noted being a source of employment records for the Union, and ultimately concluded that the termination was proper.

Moreover, these facts and circumstances, coupled with the defendants' corporate interest disclosures, demonstrate a factual issue

---

[2]Further, defendants do not support their motion by stating that they cannot provide the remedy of reinstatement, because they are not plaintiff's employers. (Doc. 20 at 2 n.1.) A reading of plaintiff's first amended complaint clearly reveals he requests reinstatement as one alternative remedy, and only if appropriate. (Doc. 15 at 2.)

over whether the corporate structures of these defendants are so related as to be considered "integrated employers." The federal regulations provide four factors to determine if multiple entities are so interrelated as to constitute a single employer:

> (2) Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>
> > (I)    Common management;
> >
> > (ii)   Interrelation between operations;
> >
> > (iii)  Centralized control of labor relations; and
> >
> > (iv)   Degree of common ownership/financial control.

29 C.F.R. § 825.104(c)(2); Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999); Schubert, 319 F. Supp. 2d at 966.

Both Ameren Services Co. and Union Electric Co. state Ameren Corp. is their parent corporation. See Docs. 13, 25. Moreover, the correspondence plaintiff proffers suggests that employment decisions may be made by one entity on behalf of another and by employees of the different companies. On these facts, and without the benefit of further discovery, it cannot be said that no facts exist suggesting defendants should be treated as integrated employers for the purposes of this action.

For all the aforementioned reasons, summary judgment is not warranted at this juncture and is thereby denied.

## Union Electric's Motion to Dismiss

Union Electric moves to dismiss this cause alleging that plaintiff failed to comply with the relevant statute of limitations. (Doc. 22.) The FMLA prescribes that actions brought pursuant to its provisions must be filed within two "years after the date of the last event constituting

the alleged violation for which the action is brought." 29 U.S.C. § 2613(c)(1). However, "[i]n the case of such action brought for a willful violation . . ., such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2613(c)(2). Union Electric argues that the last event constituting the alleged violation was plaintiff's date of discharge, March 18, 2003, and that the instant suit was not filed until May 16, 2005, beyond the two year limitations period. (Doc. 22.)

Plaintiff seeks to file a second amended complaint to add an allegation that defendants' violation of the FMLA was willful, and further asserts it was inadvertently omitted from his first amended complaint. (Doc. 23). Union Electric Co. argues that leave should not be granted because plaintiff had the opportunity to add his "willful" allegation when adding Union Electric Co. as a party in the first amended complaint. (Doc. 27) Union Electric further argues that plaintiff proffers no factual support for the willful violation claim, that the first amended complaint failed to put it on notice that its alleged conduct would be characterized as willful, and that granting leave to file the second amended complaint would be prejudicial as it would have to defend a case that otherwise would be dismissed as untimely. (Id.)

Fed. R. Civ. P. 15(a) instructs that, after a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962) (the allowance of amendments to pleadings is within the sound discretion of the trial court; "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given'").

On the facts of this case and instant motion, there is no indication plaintiff seeks to file a second amended complaint based on

an improper motive, for an improper purpose, or as a result of undue delay.  While the court notes that Union Electric's argument that it will be unduly prejudiced by having to defend an action that may otherwise be dismissed is not entirely without merit, the same argument can be made on behalf of plaintiff; if plaintiff has a good faith belief that Union Electric's actions were willful, he should have the opportunity to litigate a claim brought within the prescribed three year period.  Moreover, Union Electric has not demonstrated that additional prejudice will result if plaintiff is granted leave to amend, i.e., inability to locate witnesses or documents, or other difficulty defending the action.

The fact that plaintiff has failed to plead specific facts supporting the basis for his allegation that Union Electric's conduct was willful is not fatal to his opportunity to amend.  Plaintiff is not required to plead all facts and circumstances in his complaint, and there is no reason to suggest that the complaint is being filed without any evidentiary support.  See Fed. R. Civ. P. 11.[3]

This action is still in its infancy (original complaint filed on March 10, 2005, and first amended complaint adding Union Electric as a defendant filed on May 16).  As plaintiff notes, no discovery has yet taken place.  Moreover, none of the factors often cited as a basis for denying leave to amend are present, i.e., close in time to trial, a

---

[3]  (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

. . . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(3).

significant time period after the prior complaint, or after extensive discovery. See Perkins v. Spivey, 911 F.2d 22, 34-35 (8th Cir. 1990) (trial court did not abuse its discretion in denying leave to amend where plaintiff sought leave eighteen months after filing the initial complaint and after significant discovery); Thompson-El v. Jones, 876 F.2d 66, 67-68 (8th Cir. 1989) (trial court did not abuse its discretion in denying plaintiff's motion to amend in part because the motion was made two weeks before trial and after the discovery deadline).

Therefore, the court grants plaintiff leave to file a second amended complaint.

Because plaintiff's second amended complaint alleges a willful FMLA violation, the relevant statute of limitations period is three years. See 29 U.S.C. § 2613(c)(2). Accordingly, Union Electric Co.'s motion to dismiss for failing to comply with the statute of limitations is denied.

An appropriate Order in accordance with this Memorandum shall issue herewith.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 20, 2005.